No. 43.—THOMAS BARNES, plaintiff in error, vs. JOHN STE-PHENSON, defendant in error.

Where a note is given by an executor to a legatee, for the balance of the estate in the executor's hands, and it turns out that the note has been taken for too much, the maker is entitled to have it scaled down to the true amount, with or without any stipulation to that effect at the time of the settlement.

Debt, from Dekalb Superior Court. Tried before Judge BULL, at October Term, 1856.

This was an action of debt by Thomas Barnes, on a due bill for $1,228 50, given by John Stephenson, principal, and John Faulkner, security. Stephenson and Faulkner were the executors of Anthony Peeler, deceased, late of the county of Jasper, and the plaintiff, Barnes, having married a daughter and legatee of Peeler, called on the executors for his wife's share of her father's estate; and upon settlement the due bill, which is the foundation of this suit, was given by Stephenson, signing the same as executor, and Faulkner as his security. The action is against Stephenson alone.

Upon the trial defendant offered in evidence the testimony of a witness, by interrogatories, to prove that the due bill was given in view of a future further adjustment of the accounts, and that it was agreed between the parties at the time said due bill was given, that if it should be found thereafter that there was not that amount due to plaintiff, a credit should be placed on said due bill, reducing it to the true and correct amount; which evidence was objected to by plaintiff, upon the ground that it went to contradict, vary and add to a written instrument.

The objection was overruled by the Court, and the plaintiff excepted.

Defendant then offered in evidence an exemplification of his accounts and returns as executor, from the Court of Ordinary of Jasper county, for the space of eleven years, to

which plaintiff objected, upon the ground that the matters contained in said exemplification were settled by the giving of the due bill, and because plaintiff could not be supposed to come prepared to controvert said returns in this action; also because the jury would not be authorized to find more than the amount of the due bill in this suit, although a larger sum might be ascertained to be due, from an investigation of the accounts. This objection was also overruled by the Court and the testimony admitted, and plaintiff excepted. The jury found for the plaintiff, four hundred and three dollars and fifty-nine cents, which, after deducting a credit of $650, paid on the due bill in 1853, was three hundred and sixty dollars less than the amount due on the face of the note.

Plaintiff moved for a new trial, upon the exceptions above mentioned, and because the verdict was contrary to law and evidence, which motion was refused, and plaintiff excepted.

Ezzard, for plaintiff in error.

Calhoun and Murphy, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

It is admitted that the note sued on was given for the legacy coming to the plaintiff, in right of his wife, from her father's estate, and that this constituted the only consideration for the note. The defence: that it was given for too much. To prove this, the defendant introduced an exemplification of his returns to the Ordinary. The jury were satisfied by a calculation, that there should be deducted from the note, some four hundred dollars; and this we hold they had a right to do, independent of the parol agreement alleged to have been made, that any mistake might be rectified. This condition is implied in every such settlement. Indeed, although the parties were silent upon the subject, and a re-

ceipt in full had been given, still, it would be subject to be re-opened, the burthen being upon the party alleging the error. True it might be waived. Such is not our understanding of the conduct and conversation of the parties, at the time the note was given. The dispute was as to a portion of the returns, respecting the board of plaintiff's wife. The returns as to these, were *prima facie* evidence in favor of Stephenson, the executor, and if not falsified, conclusive. The jury were the proper tribunal to decide this matter.

The plaintiff complains of surprise in allowing the records of the Ordinary to come in as proof. Why should he be? The defendant, by his plea, notified him that he should rely on this defence. He should have come prepared to rebut it.

It is argued that the rule should work both ways, and yet, that if the returns showed a larger balance due the plaintiff, than the note called for, he could not recover the excess; and it is true he could not, in the present action. Still, he could in another form; and this does not show that the defendant is not entitled to have his note abated, to the extent, that the consideration has failed. If Courts of law could grant adequate relief, as the Legislature ought to enable them to do, the plaintiff in the case supposed, might have judgment for the excess.

Judgment affirmed.